**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| RACHEL BUTRIM, *et al.*, | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | **Civ. No. MJM-25-796** |
| v. | * | |
| | * | |
| MAYOR AND CITY COUNCIL | * | |
| OF BALTIMORE, | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs Rachel Butrim, Paisley Butrim, Lacey Marino, Brandon Sadler, Jerry Norman, Gloria Lacayo, and John McMaster's (collectively, "Plaintiffs") Motion for Leave to File Amended Complaint. ECF No. 21. The motion is fully briefed, and a hearing is not necessary to resolve it. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court shall grant Plaintiffs' motion.

**I.      BACKGROUND**

Plaintiffs filed this civil action against the Mayor and City Council of Baltimore (the "City") asserting a claim under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), for state-created danger in violation of due process, as well as claims for negligence and wrongful death and a survival action. Plaintiffs previously brought suit against the City for the same constitutional claim asserted in this case, which resulted in dismissal without prejudice. *See Butrim v. Mayor of Balt.* ("*Butrim I*"), Civ. No. MJM-24-1284, 2024 WL 5055196 (D. Md. Dec. 9, 2024). In the instant case ("*Butrim II*"), the City filed a motion

to dismiss, ECF No. 11, which this Court granted, and the initial Complaint was dismissed without prejudice, ECF No. 19 & 20.

Following dismissal of the initial Complaint, Plaintiffs filed the pending Motion for Leave to File Amended Complaint. ECF No. 21. Plaintiffs attached to their motion copies of a proposed Amended Complaint, ECF Nos. 21-1 & 21-2, and several exhibits that were not attached to the initial pleading, ECF Nos. 21-4 through 21-10. The City filed a response in opposition to the motion. ECF Nos. 22 & 22-1. In its opposition, the City points out that Plaintiffs' proposed Amended Complaint is actually an amendment of the civil complaint filed in *Butrim I* with added reference to affidavits previously attached to Plaintiff's opposition to the motion to dismiss filed in *Butrim II*. ECF No. 22-1 at 6. The City argues that the proposed amendments are made in bad faith and not adequate to rescue Plaintiffs' claims from dismissal. *Id.* at 5–16. In reply, Plaintiffs argue that the proposed amendment of the *Butrim I* complaint was inadvertent. ECF No. 23 at 1. They attach copies of a proposed amendment of the initial Complaint filed in the instant case, including a version that clearly identifies amendments. ECF Nos. 23-1 & 23-2. In a separate notice, Plaintiffs withdraw the proposed Amended Complaint attached to their initial motion and attach a copy of the corrected proposed Amended Complaint. ECF Nos. 24 & 24-1.

The relevant facts of the case are summarized in Part I.A of the Court's prior Memorandum Opinion, *see* ECF No. 19 at 1–6, and that summary is incorporated here by reference. Additional facts relevant to the merits of Plaintiffs' Motion for Leave to File Amended Complaint are discussed in Part III *infra*.

## II.     STANDARD OF REVIEW

Amendment of pleadings in federal court is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[a] party may amend its pleading once as a matter of course

no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a [Rule 12] motion . . . , whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Fourth Circuit has endorsed a liberal approach to granting motions for leave to amend. The court has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation modified).

### III.     ANALYSIS

The City argues, *inter alia*,[1] that Plaintiffs' motion should be denied because amendment would be futile, as Plaintiffs still fail to plead facts sufficient to support state-created danger or fraudulent inducement claims. ECF No. 22-1 at 6–16. "As the Fourth Circuit has stated, a proposed amendment is futile when it 'is clearly insufficient or frivolous on its face.'" *Mitchell v. Tuner*, Civ. No. SAG-25-1149, 2026 WL 1529328, at *1 (D. Md. June 1, 2026) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)); *see also* 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1487 (3d ed. 2010) (footnotes omitted) ("[A] proposed

---

[1] In its opposition brief, the City argues that Plaintiffs' motion should be denied because the proposed Amended Complaint attached to the motion, ECF No. 21-1, failed to comply with Local Rule 103.6 and was filed in bad faith, as Plaintiffs sought to amend the *Butrim I* complaint rather than the initial pleading in *Butrim II*. ECF No. 22-1 at 5–6. But, in reply, Plaintiffs state that they made an inadvertent error, *see* ECF No. 23, and present corrected versions of their proposed Amended Complaint, ECF Nos. 23-1 & 23-2, which the Court confirms is an amendment of the initial Complaint filed in the instant case. The redlined version properly identifies all material added to or stricken from the Complaint, as required by Local Rule 103.6. *See* ECF No. 23-2. The Court finds Plaintiffs' error to have been inadvertent and not made in bad faith.

amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied."). "[T]he review for futility is not equivalent to an evaluation of the underlying merits of the case." *Green v. Obsu*, Civ. No. ELH-19-2068, 2020 WL 758141, at *8 (D. Md. Feb. 13, 2020) (citation modified). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Centers, LLC*, Civ. No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Applying the proper standard for futility, and in consideration of the liberal standard for amendment in force in this Circuit, the Court cannot find Plaintiffs' proposed Amended Complaint to be futile. Defendants' arguments are better reserved for a Rule 12(b)(6) motion to dismiss.

Although "leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion[,] . . . the Court need not apply the Rule 12(b)(6) standard" when evaluating a Rule 15 motion for leave to amend. *Mitchell*, 2026 WL 1529328, at *2 (quoting *Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)). In other words,

> plaintiff[s] seeking leave to amend claims . . . [are not required to] demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," . . . and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)[.]"

*Id.* (first quoting *Johnson*, 785 F.2d at 510, and then quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).

Here, Plaintiffs seek to cure the pleading deficiencies in their initial Complaint, which this Court identified and discussed at length in its prior Memorandum Opinion. *See* ECF No. 19 at 16–26. Specifically, Plaintiffs attach to their proposed Amended Complaint several affidavits not attached to their initial Complaint and cite these affidavits in the proposed amendment in support of their claims. ECF No. 23-1 at 12; *see also* ECF Nos. 23-3, 23-4, 23-5, 23-6, 23-7, 23-8, 23-9, 23-10.[2] The exhibits include a second affidavit from Plaintiff McMaster[3] and affidavits from former Baltimore City Fire Department ("BFD") employees Joseph DiRusso and Matthew Coster, ECF Nos. 23-3, 23-4, 23-6, which Plaintiffs previously attached to their opposition to the City's motion to dismiss, *see* ECF Nos. 16-1, 16-2, 16-3. Among the pleading defects identified in the Court's prior Memorandum Opinion was Plaintiffs' failure to allege the City's fraudulent inducement with the particularity required by Federal Rule of Civil Procedure 9(b). *See* ECF No. 19 at 19–23. As the Court previously pointed out, the affidavits from Plaintiff McMaster, DiRusso, and Coster that Plaintiffs previously attached to their opposition brief provide "some details" about the "circumstances in which the City's allegedly false assurances were conveyed to McMaster or any other firefighter[.]" ECF No. 19 at 21, 22 n.6. The Court declined to consider those details in its assessment of the initial Complaint because the affidavits were not attached to, or cited in, the Complaint. *See id.* (citations omitted) ("[A] plaintiff cannot seek to amend his pleading through materials submitted in opposition to a motion to dismiss."). Now that the affidavits are attached to and incorporated by reference in a proposed pleading, the Court finds that the facts stated therein

---

[2] These affidavits appear to be the same documents Plaintiffs attached to their response in opposition to the City's motion to dismiss, *see* ECF Nos. 16-1, 16-2, 16-3, 16-4, 16-5, 16-6, 16-7, 16-8, which the Court previously declined to consider in its Rule 12(b)(6) analysis of the initial Complaint, *see* ECF No. 19 at 22 n.6.

[3] A different affidavit from Plaintiff McMaster was attached to the initial Complaint. *See* ECF No. 7-1.

provide details required by Rule 9(b) necessary to present plausible fraud allegations. All three affidavits provide information about "the time, place, and contents of the false representations[]" allegedly made by BFD leadership. ECF No. 19 at 21, 22 n.7 (quoting *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013)); *see also* ECF No. 23-3, ¶¶ 2–4; ECF No. 23-4, ¶ 3; ECF No. 23-6, ¶ 3. DiRusso and Coster's affidavits identify one individual by name that allegedly made a false representation regarding Code X-Ray, and Plaintiff McMaster's affidavit identifies at least two individuals by description. *See* ECF No. 23-3, ¶¶ 2–3; ECF No. 23-4, ¶ 3; ECF No. 23-6, ¶ 3. In due consideration of the new exhibits, the Court cannot find the proposed Amended Complaint "clearly insufficient" to allege fraudulent inducement in support of Plaintiffs' state-created danger claim. *Johnson*, 785 F.2d at 510. Therefore, Plaintiffs' amendments are sufficient to justify leave to amend under the Fourth Circuit's liberal standard. As noted *supra*, the City's arguments Plaintiffs' proposed amendment fails to plead facts sufficient to support a plausible state-created-danger claim are better reserved for a Rule 12(b)(6) motion to dismiss.

## IV.   ORDER

For the foregoing reasons, it is this 10th day of August, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that

1. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 21) is GRANTED;

2. The Clerk SHALL ENTER the proposed amendment filed at ECF No. 24-1 as the operative Amended Complaint in this matter and attach the exhibits filed at ECF Nos. 23-3 through 23-10.

_____
/S/
Matthew J. Maddox
United States District Judge
